# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
|  | Case No. CV-12-519-JPH |
| RONALD GUSTAF LeBLANC, | |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 17. Attorney Dana Chris Madsen represents plaintiff (LeBlanc). Special Assistant United States Attorney Leisa A. Wolf represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs, the court **grants** defendant's motion for summary judgment, ECF No. 17.

## JURISDICTION

LeBlanc applied for supplemental security income (SSI) benefits on August 5, 2009, alleging an amended onset date of January 1, 2009 (Tr. 42, 124-27). His claim was denied initially and on reconsideration (Tr. 67-70; 71-72).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

Administrative Law Judge (ALJ) R. J. Payne held a hearing January 4, 2011. LeBlanc, represented by counsel, and a medical expert testified (Tr. 41-64). On January 14, 2011, the ALJ issued an unfavorable decision (Tr. 23-34). The Appeals Council denied review on July 9, 2012 (Tr. 1-5), making the ALJ's decision final. LeBlanc filed this appeal pursuant to 42 U.S.C. § 405(g) on August 28, 2012. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and throughout this order as necessary to explain the Court's decision.

LeBlanc was 51 years old when he applied for benefits and 53 at the hearing. He is separated from his spouse and lives with his sister. He has a ninth grade education, no GED and has worked as a mechanic. LeBlanc testified he last did this type of work in 2004 but stopped due to pain in the lower back, legs and hips, as well as breathing problems  (Tr. 48-50, 52-53, 59, 146).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

*Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, ALJ Payne found LeBlanc did not work at SGA levels after he applied for benefits on August 5, 2009 (Tr. 25). At steps two and three, ALJ Payne found LeBlanc suffers from chronic obstructive pulmonary disease (COPD), mild degenerative disc disease, osteoarthritis, morbid obesity and mild peripheral artery disease in the lower extremities, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 25, 30). The ALJ found LeBlanc less than credible and able to perform a range of light work  (Tr. 30-32). At step four, he found LeBlanc has no past relevant work (Tr. 32). At step five, the ALJ found LeBlanc is able to perform work and is therefore not disabled as defined by the Act

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

(Tr. 33-34).

## ISSUES

LeBlanc alleges the ALJ erred when he weighed the medical evidence. ECF No. 15 at 6-10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks us to affirm. ECF No. 17 at 1-2

## DISCUSSION

*A. Credibility*

LeBlanc does not challenge the ALJ's negative credibility assessment on appeal. It is waived. *Carmickle v. Comm'r Soc. Sec. Admin*., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). The court discusses it briefly as it was a factor the ALJ considered when he weighed the conflicting medical evidence.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ relied on daily activities inconsistent with allegedly disabling limitations. The record reflects that LeBlanc continued to work as a mechanic during

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

the relevant period. He told providers that he worked as a mechanic until 2007 (Tr. 175) and, in 2009, stated his elbow pain seems worse when working on cars (Tr. 216). The record also shows LeBlanc admitted he mows the lawn and performs a wide range of household chores (Tr. 32, 57,  227, 298, 302), indicating some ability to perform work. No acceptable source has opined LeBlanc is unable to perform at least light work. LeBlanc's statements to providers are inconsistent with his testimony. The ALJ points out the medical record contains no significant findings on x-rays or examinations that would explain LeBlanc's pain complaints (Tr. 31, 189, 193, 195). Degenerative spinal changes are repeatedly described as mild.

The ALJ's reasons are clear, convincing and supported by substantial evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). *See also  Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (extent of daily activities properly considered);  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(if claimant performs activities involving many of the same physical tasks as a particular type of job it "would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the   claimant from working"). Even when evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

B. *Other source opinions*

LeBlanc alleges the ALJ failed to properly credit the opinions of three nurse practitioners. He alleges because they are treating sources, the ALJ was required to give specific, legitimate reasons for rejecting their opinions. ECF No. 15 at 7-9. The Commissioner responds that the ALJ properly evaluated the opinions of two ARNP's and committed at most harmless error when he failed to give individual reasons for rejecting the opinion of a third. ECF No. 17 at 9-13.

The ALJ credited the opinion of Daniel H. Wiseman, M.D., who reviewed the record and testified at the hearing, and of examining doctor A. Peter Weir, M.D. This was correct. The opinions of acceptable sources such as doctors are entitled to greater weight than the opinions of non-acceptable ("other") sources, such as nurse practitioners. An ALJ may discount testimony from "other sources" by giving reasons germane to each witness for doing so. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)(citation omitted).

LeBlanc's  allegation that the three nurse practitioners are treating sources, ECF No. 18 at 1, is incorrect. The record shows Vinetta MacPherson examined LeBlanc once, on July 17, 2008 (Tr. 184-88), for GAU purposes, meaning she is an examining source. Similarly, Hope Busto-Keyes examined LeBlanc once, on November 9, 2009 and indicated she would not be providing ongoing care  (Tr. 289-92). Only Sandra Forsman is a "treating source," having treated LeBlanc from

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

2008-2010 (Tr. 212-16, 223-24, 227, 232, 278-84, 298). However, because Ms. Forsman is an "other source" as defined by the Act, her opinion is entitled to less weight than that of an acceptable source.

To the extent ALJ Payne rejected the other source evidence, his reasons are germane. With respect to the opinion of examiner Ms. Busto-Keyes, the ALJ notes she opined LeBlanc was limited to sedentary work for three months pending orthopedic and pulmonary evaluation and an MRI (Tr. 28). He rejected this opinion because the treating source, Forsman, felt the recommended MRI was "overkill," Busto-Keyes was unfamiliar with the patient, and LeBlanc poorly complied with treatment. Forsman points out LeBlanc failed to take medications as prescribed, failed to attend follow up appointments and had attended physical therapy only twice. Moreover, Ms. Forsman notes, he continued to drink alcohol and caffeine regularly, and to smoke, which contributed to GERD and COPD symptoms (Tr. 28-29, 32, referring to Exhibits 14F, 17F and 18F). These are germane reasons specific to Ms. Bustos-Keyes' opinion.  In addition, even if credited, her opinion would not result in finding LeBlanc disabled because Bustos-Keyes did not believe limitations would last the twelve months required by the Act.

In July 2008  [about a year before onset] Ms. MacPherson opined COPD may preclude "any type of labor work." She referred LeBlanc for additional tests and opined he could perform sedentary work. She expected these limitations would last

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

three to six months without treatment. (Tr. 184-88). The ALJ mentions this opinion (Tr. 26, 32, referring to Exhibit 4F). He notes that it is overall consistent with Forsman's RFC's for sedentary to light work (see below). It is also consistent with with spirometry test results at Ex. 3F and with Dr. Wiseman's assessed RFC for light work (Tr. 32). Again, even if credited, McPherson also opined limitations would last less than the twelve months required. The ALJ properly weighed this opinion in light of all the evidence.

On March 3, 2009, Ms. Forsman opined LeBlanc would be limited to "sedentary to light" work for two to three months (Tr. 214-15).  About a year later, on February 3, 2010, she opined LeBlanc could perform *at least* part-time light exertion work (Tr. 298). LeBlanc misreads this as meaning she opined he could only perform part-time light exertion work. A month later, March 8, 2010, Forsman opined LeBlanc could perform "sedentary/light" work and had no sitting restrictions (Tr. 278-84).

The ALJ considered Ms. Forsman's opinions (Tr. 29, 32). He agreed with her LeBlanc can perform at least a part-time light duty job. When considered with the acceptable source opinions of Drs. Weir and Wiseman, the ALJ correctly weighed Ms. Forsman's opinions.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

*C. RFC*

LeBlanc alleges ALJ Payne erred when he assessed an RFC for a range of light work. ECF No. 15 at 7-9. The Commissioner responds that the ALJ's finding is fully supported by the record. ECF No. 17 at 12-13.

The ALJ based his residual functional capacity assessment on (1) the opinion of Dr. Wiseman, who reviewed the entire record and testified he agreed with examiners who found LeBlanc capable of light work (Tr. 44-45); (2) the opinion of Dr. Weir, who opined after examination LeBlanc can perform medium work (Tr. 261-66); (3) to a lesser extent, the opinions of reviewing agency doctors (Tr. 267-74, 285); (4) LeBlanc's diminished credibility and (5) the record as a whole (Tr. 29, 32, 45-46, 189, 265, 268, 276, 285). Because the ALJ's RFC findings are consistent with acceptable source medical opinions and records, there is no error. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

The evidence fully supports the assessed RFC for a range of light work.

Although LeBlanc alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 20th day of December, 2013.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13